**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLEMENTE FLORES ROMERO;
MARIA DE JESUS GUTIERREZ
FLORES,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos.   07-73413
        08-72875

Agency Nos.  A075-735-270
              A075-735-271

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Clemente Flores Romero and

Maria de Jesus Gutierrez Flores, husband and wife and natives and citizens of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mexico, petition for review of Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal, and denying their motion to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Colemar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and for abuse of discretion the denial of a motion to reopen or reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). In No. 07-73413, we dismiss in part and deny in part the petition for review. In No. 08-72875, we deny the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Petitioners contend the IJ violated due process by not permitting their qualifying relatives to testify. Contrary to petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *See Colmenar*, 210 F.3d at 971 (citation omitted).

Petitioners' contentions that the agency violated their due process rights by disregarding their evidence of hardship and by not considering the evidence in the

aggregate are not supported by the record and do not amount to colorable constitutional claims. *See Martinez-Rosas*, 424 F.3d at 930.

The BIA correctly construed petitioners' January 25, 2008, motion as a motion to reopen and reconsider. *See Mohammed v. Gonzales*, 400 F.3d 785, 792-93 (9th Cir. 2005) (BIA should construe the motion based on its underlying purposes).

Petitioners have waived any challenge to the BIA's conclusion that the motion to reopen was time and number barred by 8 U.S.C. § 1229a(c)(7). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

The BIA acted within its discretion in denying the motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying petitioners' first motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

Petitioners' remaining contentions are unavailing.

**No. 07-73413: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 08-72875: PETITION FOR REVIEW DENIED.**